**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KARLEITA KAY RECTOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV-11-1233-D |
| | ) | |
| LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant's motion to dismiss the Complaint [Doc. No. 10] for failure to state a claim upon which relief may be granted. Plaintiff, a former employee of Defendant, contends that it wrongfully terminated her employment. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant argues the allegations are insufficient to state a plausible claim for relief on any of the causes of action asserted by Plaintiff. Plaintiff timely responded to the motion, and Defendant filed a reply.

Standards governing Rule 12(b)(6):

To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion).

To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*, 519 F. 3d at 1247.) "Factual allegations must be enough to raise a right

to relief above the speculative level." *Twombly*, 550 U. S. at 555. Thus, plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570; *Robbins*, 519 F. 3d at 1247. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Although the Court must construe well-pleaded facts as true, not all factual allegations are "entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* The Court need not accept as true the assertions in a complaint which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 554-555). The Tenth Circuit has developed the following analysis to test the sufficiency of a complaint under the *Twombly* standards:

> When reviewing a Rule 12(b)(6) motion to dismiss, "we look for plausibility in the complaint." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir.2007) (internal quotation marks and brackets omitted). "In particular, we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Id. (internal quotation marks omitted). "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.' " *Id.* (alterations in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

*Marshall v. Morton*, 2011 WL 1549516, at *4 (10th Cir. April 26, 2011) (unpublished opinion). Facial plausibility requires a plaintiff to plead "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."' *Matthews v. LaBarge, Inc.*, 407 F. App'x. 277, 280 (10th Cir. 2011) (unpublished opinion) (quoting *Iqbal*, 556 U.S. at

678).

In this case, Defendant argues that Plaintiff has not satisfied these standards because she fails to plead facts to support the elements of the causes of action she asserts. Plaintiff contends that the Complaint is sufficient to withstand a motion to dismiss. In the alternative, she asks the Court to grant her leave to amend to cure any defects in the Complaint.

Application:

In the Complaint, Plaintiff states that the action is "brought against Defendant for malicious prosecution, defamation, negligence and wrongful termination." Complaint at ¶ 1.1. She alleges that she was employed by Defendant as a cashier in November of 2008 and, on October 29, 2009, she was terminated after Defendant accused her of stealing approximately $140.00 from the store cash register after its security personnel investigated the loss of that amount. Plaintiff denied that she did so. According to Plaintiff, Defendant said that, if she did not admit the theft, it would press criminal charges against her. She refused to admit wrongdoing. She was terminated, and Defendant pursued criminal charges in an Arizona state court. Plaintiff alleges that the misdemeanor charge was later dismissed for lack of sufficient evidence. Complaint ¶¶ 4.1 through 4.13.

Immediately following the foregoing allegations, the Complaint sets out a section entitled "Causes of Action." Plaintiff adopts and incorporates the preceding allegations and then alleges, as her First Cause of Action, that Defendant terminated her because she refused to admit the theft. Complaint at ¶ 5.1. Plaintiff also alleges that, "[a]s a proximate cause of Defendant's wrongful termination, Plaintiff has suffered damages," and she describes the losses for which she seeks compensation. *Id.* at ¶ 5.2.

The foregoing paragraphs are followed by a "second cause of action," in which Plaintiff

adopts and incorporates the previous allegations and then alleges that a prosecution for misdemeanor theft was commenced against Plaintiff, that the prosecution was malicious, that it was instigated by Defendant, that it was without probable cause, that it was "legally and finally terminated in favor of Plaintiff," and that, as a result of the criminal prosecution, she sustained injury." Complaint at ¶¶ 5.3 through 5.8.

The Complaint next alleges a "third cause of action, incorporating the prior allegations and alleging the Defendant's actions "were intentional, willful and wanton and constitute gross negligence for which Plaintiff is entitled to recover exemplary or punitive damages." Complaint at ¶5.9. The next paragraph states the "actions and wrongful conduct" of Defendant "were of such a nature" that Plaintiff "is entitled to recover exemplary or punitive damages."

In its motion, Defendant contends the foregoing allegations are insufficient to state a plausible claim for relief.[1] Plaintiff states in the Complaint that she asserts claims based on "malicious prosecution, defamation, negligence and wrongful termination." Complaint at ¶ 1.1. As Defendant argues, however, she has failed to plead facts sufficient to state a claim for defamation, negligence, or wrongful termination, and her malicious prosecution allegations are merely conclusory and "formulaic recitations of the elements" which are insufficient under *Twombly* and its progeny.

As Defendant notes, to state a claim for defamation, Plaintiff must plead facts to show 1) a false and defamatory statement, 2) an unprivileged publication to a third party, 3) fault amounting to at least negligence on the part of the publisher, and 4) either the actionability of the statement regardless of damage, or the existence of special damage. *See Tanique, Inc. v. State*, 99 P.3d 1209

[1]In its motion, Defendant cites Oklahoma legal authority in support of its view that Oklahoma law governs this action. Plaintiff's response brief offers no argument to the contrary.

(Okla. Civ. App. 2004). The Complaint in this case contains no factual allegations to support a defamation claim. In her response to the motion, Plaintiff offers no argument or authority suggesting that she has pled facts to show these essential elements. Accordingly, this claim must be dismissed.

Plaintiff has also failed to plead facts to support the essential elements of a negligence claim. Those elements are 1) the existence of a duty on the part of the defendant, 2) a breach of that duty, 3) damage to the plaintiff, and 4) a causal connection between the breach and the resulting damage. *Brigance v. The Velvet Dove Restaurant, Inc.*, 725 P. 2d 300, 306 (Okla. 1986). Defendant argues that Plaintiff has failed to allege the essential element of a duty or facts to show how that duty was breached. In her response, Plaintiff does not address this contention, and offers no argument suggesting that the Complaint sufficiently pleads facts to support this claim. The motion to dismiss is granted as to a claim of negligence.

The Complaint is also devoid of factual contentions in support of a wrongful termination claim. In its motion, Defendant argues that Plaintiff was an employee at will, and it construes her claim as based on *Burk v. K-Mart Corp.*, 770 P. 2d 24 (Okla. 1989), which recognizes a cause of action where an at-will employee contends her termination violated public policy. Plaintiff does not dispute that contention, and the Complaint contains no allegation to suggest this claim has any other basis. To state a *Burk* claim for relief, a plaintiff must allege that she was an at-will employee, that her termination violated a clear and compelling public policy embodied in existing statutory or decisional law, and that she has no statutory remedy. *McCrady v. Oklahoma Dept. of Public Safety*, 122 P.3d 473, 475 (Okla. 2005); *Burk*, 770 P. 2d at 28.

Plaintiff’s Complaint fails to allege any of these essential factual contentions. Furthermore,

in her response brief, Plaintiff fails to argue that she has pled facts to show these elements, and she offers no legal authority suggesting that she has done so. The motion to dismiss this claim is granted.

A review of the Complaint reflects that the only factual allegations are based on the purported malicious prosecution of Plaintiff. As Defendant argues, however, these allegations are also deficient because they fail to allege facts sufficient to support the essential elements of the claim. To state a claim for relief based on malicious prosecution, a plaintiff must allege facts to show: 1) the defendant instituted a legal action; 2) that it did so with malice and without probable cause; 3) the plaintiff successfully defended the action; and 4) the plaintiff suffered damages as a result of the defendant's actions. *Callaway v. Parkwood Village, L.L.C.*, 1 P.3d 1003, 1005 n. 1 (Okla. 2000).

Although Plaintiff in this case has pled facts to show that Defendant initiated a criminal action, she alleges no facts to show that it acted maliciously or without probable cause. On the contrary, she alleges that it did so after its security personnel conducted an investigation. Complaint at ¶ 4.4.

That Plaintiff has listed the elements of a malicious prosecution claim in the Complaint does not avoid dismissal. Paragraphs 5.3 through 5.8 are conclusory allegations which provide "no more than a formulaic recitation" of the elements; wuch allegations are deficient and will not withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. Accordingly, the motion to dismiss the malicious prosecution claim is also granted.

As noted, Plaintiff's response brief wholly fails to address any of the legal arguments asserted by Defendant, and offers no authority to support her view that the Complaint is sufficient. She concedes, in fact, that she must plead facts sufficient to state a plausible claim for relief and that

she cannot rely on the "bare assertion of legal conclusions." Response brief, at p. 4. Plaintiff suggests, however, that the Court must accept as true the allegations in her Complaint. However, under *Twombly,* not all factual allegations are "entitled to the assumption of truth," *Iqbal*, 556 U.S. at 678, and where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," a complaint does not withstand a motion to dismiss. *Id.* Plaintiff's allegations in this case do not permit the Court to infer more than the mere possibility of misconduct by Defendant.

The motion to dismiss must be granted.

Propriety of granting leave to amend:

Having determined that the motion to dismiss must be granted, the Court must consider whether Plaintiff should be granted leave to amend in order to correct the noted deficiencies. *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994). Plaintiff expressly requests leave to do so. As a general rule, "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Id.* (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483, at 587 (2d ed. 1990) and *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)).

However, leave to amend is not automatically granted, and may be denied for reasons such as futility of amendment or undue delay. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996). A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment. *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997)(citing *AM Int'l, Inc. v. Graphic*

*Management Assocs., Inc.*, 44 F.3d 572, 578 (7th Cir.1995) and *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir.1989)).

Having reviewed the Complaint in its entirety, the Court concludes that leave to amend should be granted. Although the allegations in the Complaint fail to state a plausible claim for relief, the Court cannot state with certainty at this stage of the litigation that it would be futile to amend to cure the pleading deficiencies. Accordingly, Plaintiff is authorized to file an amended complaint.

Conclusion:

For the foregoing reasons, the motion to dismiss [Doc. No. 10] is GRANTED. Plaintiff's request for leave to amend is also GRANTED. Plaintiff's amended complaint shall be filed no later than 14 days from the date of this Order. Defendant's response shall be filed in accordance with the deadline established by the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 20th day of June, 2012.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE